378 So.2d 652 (1980)
Thomas E. CRANFORD
v.
D. Mike SHELTON and Rose A. Shelton.
No. 51595.
Supreme Court of Mississippi.
January 9, 1980.
Dudley W. Conner, Hattiesburg, for appellant.
J. Murray Akers, Frank Carlton, Greenville, for appellee.
Before ROBERTSON, LEE and BOWLING, JJ.
*653 BOWLING, Justice, for the Court:
This appeal is from the Circuit Court of Forrest County. Appellees (plaintiffs below) received a jury verdict and resulting judgment against appellant (defendant below) for the total sum of $28,316.74  $20,816.74 actual damages, and $7,500, punitive damages. The basis of the suit was that appellant violated the law by enticing a tenant to move from appellees' building prior to the expiration of the rental period.
The declaration filed by appellees charged that appellant violated the terms of Mississippi Code Annotated section 97-23-29 (1972). This statute reads as follows:
If any person shall wilfully interfere with, entice away, or who shall knowingly employ, or who shall in any manner induce a laborer or renter who has contracted with another person for a specified *654 time to leave his employer or the leased premises, before the expiration of his contract without the consent of the employer or landlord in writing signed by said landlord or employer under or with whom said laborer had first contracted, he shall, upon conviction, be fined not less than twenty-five dollars nor more than one hundred dollars, and in addition shall be liable to the employer or landlord for all advances made by him to said renter or laborer by virtue of his contract with said renter or laborer, and for all damages which he may have sustained by reason thereof. The provisions of this section shall apply to minors under contract made by a parent or guardian.
In charging a violation of the above statute, appellees alleged that on August 30, 1974, Shelton Motors, Inc. (solely owned by appellees) entered into a lease contract with Hub City Motors, Inc., whereby the latter was to operate an automobile dealership on the premises under a thirty-six month lease contract for a monthly rental. The lease was assigned to appellees by the corporation. The declaration charges that in violating the terms of the said statute, appellant, along with two others, owned a building and that appellant set out intentionally to entice appellees' lessee to leave appellees' premises and move to the building partially owned by appellant. The declaration further alleged that as an inducement to Hub City Motors, Inc., to violate the terms of its lease agreement, appellant offered free rental for a period of three months.
It was further alleged that appellant, who was a senior vice-president of a local bank, offered to arrange certain financing through the bank on behalf of Hub City Motors, Inc., and offered to make certain adjustments in inventory to assist the prospective lessee in securing a Small Business Administration loan through appellant's bank. Appellees then reiterated the charge of violation of the above quoted statute, and asked for actual and punitive damages for the alleged violation. Appellant's answer consisted of a general denial of all material allegations of the declaration.
Appellant advances several assignments of error. We shall not discuss each separately as the decision of this unusual case hinges on procedure as it is applied to the evidence. Our first observation is that it is extremely doubtful that the statute in question applies to the cause of action propounded by appellees. The statute first appeared in the Mississippi Code of 1892. A reading thereof immediately indicates that it was passed by the legislature for the purpose of protecting the then "farmer-sharecropper" situation. Research reveals that other states enacted similar legislation about the same time. Cases were decided by the courts of those states but the statute has been repealed by all except Mississippi. For some reason, either intentionally or by oversight, our legislature has not repealed the statute.
Assuming the doubtfulness of the applicability of the statute to the complaint against appellant, we next need to look at the cause in the light of the pleadings and the evidence.
We will not recite the evidence in detail but find without hesitation that appellees presented evidence sufficient for the jury to find that appellant intentionally and wilfully sought to and did entice appellees' lessee from appellees' building prior to the expiration of the lease period.
We are now faced with a decision as to whether or not the declaration, the entire trial, including motions and instructions to the jury, should be set aside because of the doubtful application of the statute in question. At the threshold we are faced with the obvious assumption by all parties that the statute applied. There was no preliminary procedure contesting that issue. All of the evidence was introduced without any objection from any party contending that the statute did not apply. The instructions were directed toward a violation of the statute. With this situation, we next determine whether or not the declaration was sufficient to charge a common-law violation, as well as a statutory violation, so as to approve the procedure and the resulting verdict.
*655 Mississippi Code Annotated section 11-7-35 (1972) provides:
The declaration shall contain a statement of the facts constituting the cause of action, in ordinary and concise language, without repetition; and if it contains sufficient matter of substance for the court to proceed upon the merits of the cause, it shall be sufficient. It shall not be an objection to maintaining any action that the form thereof should have been different.
In researching the cases decided under this statute, it is our opinion that sufficient charges were set out in the declaration to state a cause of action under common law liability for wilfully interfering with a contract. Even though, as hereinbefore explained, the case was tried under the statute by the parties, there clearly is a common law duty on every person, firm or corporation not to interfere with a person's contract with another.
The common law liability was set out distinctly by the Pennsylvania Supreme Court in the case of Ramando v. Pure Oil Co., 159 Pa. Super. 217, 48 A.2d 156 (1946), where the Court said the following:
A contract confers certain rights on the person with whom it is made, and not only binds the parties to it by the obligation entered into, but also imposes on all the world the duty of respecting that contractual obligation... . If one maliciously interferes in a contract between two parties, and induces one of them to break that contract to the injury of the other, the party injured can maintain an action against the wrongdoer... . When one has knowledge of the contract rights of another, his wrongful inducement of a breach thereof is a wilful destruction of the property of another and cannot be justified on the theory that it enhances and advances the business interests of the wrongdoer... . Maliciousness does not necessarily mean actual malice or ill will, but the intentional doing of a wrongful act without legal or social justification.
In 52A C.J.S. Landlord and Tenant section 830, the common law is announced as follows:
An action lies at common law in favor of a landlord against any person who by reason of wrongful or malicious acts causes his tenant to breach his lease, or to abandon the premises, thereby causing loss of rent to the lessor... .
Mississippi has followed the common law restriction on interference with contracts in the recent case of Southwest Drug Company v. Howard Bros. Pharmacy, 320 So.2d 776 (Miss. 1975). This Court said:
There can be little doubt that there is a general rule of law whereby a party to a contract has a right of action against a person or a corporation who has willfully procured a breach of the contract by the other party to the contract ... It is said that this doctrine of liability is that the right to perform a contract and to reap the profits resulting from such performance, and also the right to performance by the other parties, are property rights which are entitled to protection.
Therefore, we are forced to the conclusion that the declaration, even though intended to be based primarily on a breach of statute, sets out sufficient allegations to charge a cause of action under the common law principles heretofore stated. Furthermore, the jury had ample evidence on which to find that appellant breached either the statutory or common law prohibitions. The cause should therefore be affirmed as to the actual damage provisions of the judgment. These damages consisted solely of the loss of rent between the time the enticed lessees stopped paying appellees the monthly rental and the date the building was subsequently sold by lessees.
We turn now to the question of allowing punitive damages. As we have seen, the parties intended to try the case under an alleged breach of Code section 97-23-29. The instructions of all parties were drawn and presented in that direction. A study of the statute reveals that in addition to a fine of between twenty-five and *656 one hundred dollars, the employer or landlord shall recover "all advances made by him to said renter or laborer by virtue of his contract with said renter or laborer, and for all damages which he may have sustained by reason thereof." (Emphasis supplied).
It is readily seen, therefore, that a breach of the statute does not authorize punitive damages, but actual damages only. Even though we have discussed the common law principle involved and hold that the declaration and evidence were sufficient to include such a cause of action, the parties have confined the recovery to the damages allowed by the statute. We therefore hold that the verdict for punitive damages cannot stand. The case is affirmed and modified, and judgment is entered here for the actual loss of rent sustained by appellees in the sum of $20,816.74.
AFFIRMED AS MODIFIED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and COFER, JJ., concur.