399 So.2d 1352 (1981)
CIG CONTRACTORS, INC.
v.
MISSISSIPPI STATE BUILDING COMMISSION.
No. 52681.
Supreme Court of Mississippi.
June 3, 1981.
Rehearing Denied July 8, 1981.
Rolf L. Anderson, Reynolds & Johnson, Jackson, for appellant.
Bill Allain, Atty. Gen. by Richard E. Ulmer, Sp. Asst. Atty. Gen., Donald Clark, Jr., McKibben, Tolbert & Associates, Jackson, for appellee.
Before SMITH, P.J., and WALKER and BROOM, JJ.
*1353 WALKER, Justice, for the Court:
Cig Contractors, Inc. filed a declaration in the Circuit Court of the First Judicial District of Hinds County, Mississippi, against the Mississippi State Building Commission, seeking damages in the sum of $120,000 which were alleged to have resulted from the Commission's breach of contract. The trial court sustained the demurrer to the declaration and Cig appeals.
The declaration alleges that Cig Contractors, Inc., and the Mississippi State Building Commission entered into a contract on February 17, 1975, for the construction of a portion of the physical science facility (chemistry building) at the University of Mississippi. This contract required Cig to be responsible for the concrete, masonry, and general contracting work on the project. The Building Commission entered into separate contracts with B.J. Lee Company for the mechanical portion; Warren Electric Company for the electrical portion; and Hamilton Industries, Inc., for the laboratory case-work portion.
The declaration further alleges that after the Building Commission issued the notice to proceed, Cig began the excavation work for the construction of the utilities tunnel which was to be built under the main structure of the project. After installing the utility tunnel, Cig backfilled around the tunnel as required by the plans and specifications. *1354 B.J. Lee Company then excavated down to the elevation required to install various mechanical pipes which entered the walls of the tunnel. After the back fill around the tunnel was put back in place under the inspection and observation of the Building Commission, Cig placed a concrete slab on top of the backfill. Sometime after the concrete slab was poured it was noted that one of the pipes extending out of a concrete wall in an area adjacent to the elevator shaft was tilted. Upon further investigation it was found that the pipe had no soil compacted around it. It became necessary for Cig to remove the concrete slab in order to rebuild and replace the subsoil which had eroded from under the slab.
In its declaration Cig seeks to recover $80,000, the repair costs incurred by Cig involved in removing and replacing the concrete slab and compacting the soil underneath it. The suit also seeks to recover from the Building Commission an additional $40,000 in overhead costs.
The declaration alleges that the Building Commission had the duty to test and inspect the soil prior to the placing of the concrete slab by Cig, quoting Section 2c of the specifications to the contract, which states:

Soils Testing and Inspection Service: Owner will provide soils testing and inspection service for quality control testing during earth-work operations.
The declaration also alleges that B.J. Lee Company, under its contract with the Building Commission, was to have packed in the dirt below the concrete slab in order to prevent water from entering the subgrade, and that the Building Commission's failure to enforce these provisions of B.J. Lee Company's contract damaged the work of Cig, requiring the extensive repairs. The declaration also alleges that the Commission's actions or inactions were a breach of its implied promise and obligation to coordinate and cooperate with Cig and to do nothing which would hinder, delay or otherwise interfere with the performance by Cig of its contract.
To this declaration the Building Commission demurred, which demurrer was sustained by the trial court. The demurrer was grounded upon two theories:
(1) The Building Commission was not subject to suit because of sovereign immunity; and
(2) The declaration failed to state a cause of action.
The order sustaining the demurrer does not state upon which ground it is founded, but the parties agree that the lower court orally indicated that it was sustained upon the ground of sovereign immunity.
Much of the briefs of both parties addresses the question of whether or not the defense of sovereign immunity was waived by the legislature when it included in the power granted to the Building Commission by Chapters 280 of the Laws of 1956, the authority to "contract and be contracted with and to sue and be sued." The appellee Building Commission contends that the authority to sue and be sued in contractual matters under this Act of the legislature is limited to certain "revenue producing projects." However, in Horne v. State Building Commission, 233 Miss. 810, 823, 103 So.2d 373 (1958), a case which did not involve a revenue producing project, the Court commented on the applicability of that act saying:
Prior to the enactment of Chapters 280 of the Laws of 1956, approved April 5, 1956, there was no statute which conferred upon the State Building Commission the power and authority to sue or be sued.
Section 1 of the Act provides:
The State Building Commission created by Chapter 328, Laws of Mississippi, 1944, as amended by Chapter 276, Laws of Mississippi, 1946, and Chapter 467, Laws of 1950, is hereby continued as a public body corporate of the State of Mississippi and, in addition to the powers and duties otherwise prescribed by law, the State Building Commission shall have powers and duties hereinafter set forth and granted. (Emphasis added).
*1355 Although the question was not expressly before the Court in Horne, supra, we are of the opinion that Chapter 280 of the Laws of 1956 granting the State Building Commission the power to "contract and be contracted with and to sue and be sued,"[1] is supplemental to the existing general powers and authority of the State Building Commission in contractual matters and not limited to the "revenue producing projects" referred to in that Act. The portions of the Act which are limited to certain revenue producing projects are clearly and unambiguously so designated.
Moreover, this writer doubts seriously that this Court would uphold a claim of sovereign immunity in contractual matters between a subdivision of the State and individuals doing business with it. The general rule is that when the legislature authorizes the State's entry into a contract, the State necessarily waives its immunity from suit for a breach of such contract. 81A C.J.S. States § 172 (1977). Where the state has lawfully entered into a business contract with an individual, the obligations and duties of the contract should be mutually binding and reciprocal. There is no mutuality or fairness where a state or county can enter into an advantageous contract and accept its benefits but refuse to perform its obligations.
Although this declaration may be inartfully drawn, it is obviously an attempt to allege what amounts to a breach of contract, and therefore, the defense of sovereign immunity is not available in this instance.
The Building Commission also contends, that even if the lower court was wrong in sustaining the demurrer on the ground of sovereign immunity the decision should be affirmed if that decision was correct for any other reason, in this instance, if the declaration failed to state a cause of action.
The Building Commission argues that this declaration failed to state a cause of action upon which the relief sought could be granted. It contends that the express provisions of the contract negative any allegations that the Building Commission owed any implied duty to coordinate the work of the separate prime contractors on this project. However, the plaintiff did not attach a copy of the contract to its declaration and nowhere in the record is a copy of the contract provisions to be found. In 17A C.J.S. Contracts § 535 (1963), it is stated:
Where a written agreement is pleaded in haec verba, its terms, rather than allegations pertaining thereto, control in determining the construction of the contract and the sufficiency of the pleading as against a demurrer. In such case an allegation inconsistent with the legal effect of the writing or putting a false construction thereon may be struck out as surplusage but is not ground for demurrer. On the other hand, where the contract is not set out in haec verba but only the substance, or the pleader's construction of the provisions, thereof is stated, a demurrer to the petition must be ruled on the language of the petition, rather than the language of the contract. A further effect of a failure to set out the contract in haec verba is that a particular defect therein may be disclosed only by the evidence, and not by the pleading, and hence is not available on demurrer.
Although no recent Mississippi cases could be found on this subject, there is an old case which holds it is not necessary to use the words of the party, but the plaintiff may declare according to their legal effect, in declaring on a written contract. Mullen v. Jelks, 1 Miss. (Walk.) 205 (Miss. 1825).
However, there are numerous cases from this State in which it is said that all well-pleaded allegations of a declaration must be taken as true in considering whether a demurrer should be sustained or overruled. Downs v. Corder, 377 So.2d 603 (Miss. 1979); Poole v. Brunt, 338 So.2d 991 (Miss. 1976).
If the allegation in the declaration that the Building Commission was to perform testing and inspection of the soil prior to *1356 Cig placing the concrete slab is taken as true, along with the allegation that the Building Commission failed to perform this obligation thereby causing damages to the plaintiff, then this declaration does set out a cause of action sufficiently to overcome the demurrer, and the lower court erred in sustaining same.
The Building Commission contends that this case is factually on all fours with Hanberry Corp. v. State Building Commission, 390 So.2d 277 (Miss. 1980). However, in that case the express provisions of the contract were attached to the declaration, and the Court was able to determine that the express provisions negatived any allegation that the Building Commission had an implied contractual duty to coordinate the work of the three prime contractors and to see that the work of each was performed properly. Although this is the same, or substantially the same, allegation contained in this declaration, the express provision of this contract are not before the Court, and the Court cannot rely on them to affirm the sustaining of a demurrer. In this case, it must be assumed as true that the contract states what the pleadings say it states. If the contract does not state what the declaration says it states, the suit will no doubt fail on the evidence.
For the reasons stated above, the order of the trial court sustaining the Building Commission's demurrer is reversed and this cause is remanded thereto for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.
NOTES
[1] Such grant of authority does not extend to tort claims. French v. Pearl River Valley Water Supply District, et al., 394 So.2d 1385 (Miss. 1981).