449 So.2d 226 (1984)
GRENADA MUNICIPAL SEPARATE SCHOOL DISTRICT
v.
JESCO, INC.
No. 54224.
Supreme Court of Mississippi.
April 18, 1984.
Christopher A. Shapley, Brunini, Grantham, Grower & Hewes, Jackson, for appellant.
F.M. Bush, III, W. Scott Collins, Mitchell, McNutt, Bush, Lagrone & Sams, Tupelo, Bill Waller, Jr., Jackson, Phil Embry, Grenada, for appellee.
Bill Allain, Atty. Gen., Susan L. Runnels and Frankie Walton White, Sp. Asst. Attys. Gen., Jackson, Roy D. Campbell, III, Campbell & DeLong, Greenville, Arthur F. Jernigan, Jr., Bacon, Jernigan & Martin, Jackson, for amicus curiae.
Before PATTERSON, C.J., and BOWLING and DAN M. LEE, JJ.
BOWLING, Justice, for the Court:
The question involved in this appeal is whether or not a municipal separate school district may bring suit for alleged damages resulting from the alleged faulty construction of a district's school building against the contractor, the architect, the bonding company, the sub-contractors and the furnishers of building materials. We answer the question in the affirmative.
Appellant, Grenada Municipal Separate School District, through its duly designated officials, filed its suit alleging that it entered into a contract with appellee, Jesco, Inc., to construct a school building. It alleged that the contract required that the building, including the roof, be constructed according to designated specifications, in a workmanlike manner, and with proper materials, but that the defendants, all of whom were subject to the terms of the contract, constructed the building roof so that it was defective and had to be replaced. The declaration alleged that the breach of the contract was done in a negligent manner as well as the failure to perform the contract provisions.
Appellees answered and as a "First Defense" stated:
Plaintiff is a statutory entity, invested by statute with certain powers, and subject to certain liabilities, and it can neither sue nor be sued, except as authorized by statute; there is no statutory authority for the plaintiff to maintain this action and it should be dismissed. Defendants ask that this defense be considered as plea matter and heard separately and prior to trial on the merits.
*227 At the outset, we note that the boards of trustees of municipal separate school districts are statutorily granted the same power and authority as are granted the boards of trustees of other school districts. [Mississippi Code Annotated, Section 37-7-619 (1972)] All school district trustees are then granted the power, authority and duty "to have responsibility for the erection, repairing and equipping of school facilities and the making of necessary improvements." [MCA § 37-7-301 (1972)]
We find that the Grenada Municipal Separate School District has been expressly and impliedly, both by statute and prior cases of this Court, authorized to file and pursue the claim set out in its declaration. MCA § 11-45-11 (1972) provides that "[t]he state shall be entitled to bring all actions and all remedies to which individuals are entitled in a given state of case". The Grenada Municipal Separate School District is a subdivision of the state, and as such, comes within the terms of the statute without expressly in the declaration calling itself "The State of Mississippi."
Furthermore, it certainly would be against public policy to authorize the separate school district as a subdivision of the State, to enter into a specific contract to spend the district taxpayer's money to build a school, and leave that contracting party without the right to enforce its terms. In a construction contract involving thousands and millions of dollars, the parties to that contract should have mutual obligations and mutual rights to insist on its terms being enforced. This is so whether the breach of the contract is an intentional breach or a negligent breach.
In Cig Contractors, v. Mississippi State Building Comm'n, 399 So.2d 1352 (Miss. 1981), we said, through Presiding Justice Walker that:
The general rule is that when the legislature authorizes the State's entry into a contract, the State necessarily waives its immunity from suit for a breach of such contract. 81A C.J.S. States § 172 (1977). Where the state has lawfully entered into a business contract with an individual, the obligations and duties of the contract should be mutually binding and reciprocal. There is no mutuality or fairness where a state or county can enter into an advantageous contract and accept its benefits but refuse to perform its obligations.
(399 So.2d at 1355).
In the recent case of Mississippi State Department of Public Welfare v. Howie, 449 So.2d 772 [1984], we said, through Justice Dan Lee:
Based on the authority in Cig, the general law of contracts and common sense, we now hold that when the legislature authorizes the state's entry into a contract, the state necessarily waives its immunity from suit for breach of contract.
We realize that in both Cig and Mississippi State Department of Public Welfare, supra, a state agency was being sued and those defendants claimed immunity. We held in those cases that the doctrine of sovereign immunity did not apply. In the case sub judice, it is obvious that the argument for a valid cause of action is much stronger than in Cig and Welfare Department. The Grenada Municipal Separate School District is not trying to immune itself from suit as a defense, it is asserting its alleged valid claim for damages under its contract with appellees.
Appellees contend that its first defense is controlling by the opinion in Storey v. Rhodes, 178 Miss. 776, 174 So. 560 (1937), where the opinion made a statement that:
It is the settled rule in this state that public bodies or subdivisions of the state have only such powers as are conferred on them by law, and, unless the statute gives the power to sue and be sued, such boards or bodies have not such power.
We have already discussed the statute giving the State of Mississippi power to sue and, as stated, we hold that this can be done through its subdivisions, when that agency has been authorized to enter into a contract, and the contract is alleged to have been broken. Furthermore, in Storey, for some reason, the above quoted dicta has no *228 bearing whatever on the facts of that case. Originally, the Pisgah Consolidated School District brought its bill of complaint in chancery against the county school board regarding the distribution of students between the school districts. Both parties were subdivisions of the state. This suit was amended and at the time it was dismissed in the lower court, the complainants were individual taxpayers and patrons of the school only. At the time of the appeal to this Court, there was nothing pending regarding the suit by a state agency. The opinion, therefore, is not controlling here and the above statement in the opinion did not apply to the case and was dicta.
Appellees further contend that the suit for damages growing out of the contract between the Grenada Municipal Separate School District and appellee could only be brought by the Attorney General pursuant to the provisions of Section 7-5-1, Mississippi Code Annotated (1972). This section provides that the Attorney General "is given the sole power to bring or defend a lawsuit on behalf of a state agency, the subject matter of which is of state-wide interest."
We note here that during the course of oral argument, the court was advised without objection that the Attorney General was requested to bring the suit by appellant, but that this request was denied. We can understand why. The "subject matter" of the allegations of the declaration apply solely to one isolated contract and its alleged breach resulting in a defective roof on a Grenada school building. It would be stretching the legal terms beyond comprehension to say that this was "of state-wide interest". The latter term necessarily implies an interest in the outcome of the case by the state as a whole. We therefore find that this contention of appellees is not valid.
We find that the appellant, Grenada Municipal Separate School District, had authority to file suit alleging that there was a breach of obligations under the terms of the specific contract entered into by the board.
REVERSED AND REMANDED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P. JJ., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.