Gregory R. **EVERHART**, Plaintiff,

v.

The **UNIVERSITY OF MISSISSIPPI**, Defendant.

**Civ. A. No. S88–0486(R).**

United States District Court, S.D. Mississippi, S.D.

Sept. 28, 1988.

Ben Galloway, Owen, Galloway & Clark, Gulfport, Miss., for plaintiff.

Ricky T. Moore, Sp. Asst. Atty. Gen., State of Miss., Jackson, Miss., for defendant.

MEMORANDUM ORDER

DAN M. RUSSELL, Jr., District Judge.

This matter is before the Court on the motion of defendant, The University of Mississippi, to dismiss the action on the following grounds: (1) this action is barred by the Eleventh Amendment to the United States Constitution; (2) this Court lacks diversity jurisdiction; and (3) this Court lacks venue jurisdiction. Because this Court is of the opinion that this action is

barred by the Eleventh Amendment of the United States Constitution, it will not reach the other issues raised by the defendant.

The Plaintiff asserts in his complaint that the defendant and Otis Elevator Company (Otis) entered into a contract to perform certain services with respect to an elevator wherein the Plaintiff alleges to have received injuries. It is the plaintiff's position that the defendant contractually obliged itself to service, inspect and maintain the light tubes and bulbs in the subject elevator and that the alleged failure to do so resulted in a breach of an implied contract between him and the defendant, wherein the defendant failed to furnish the plaintiff with a safe and habitable place in which to reside, which necessarily included the failure to provide a safe elevator for ingress and egress to his room.

Basically then, the plaintiff argues that he is an implied third-party beneficiary to the contract between Otis and the defendant, and therefore, is entitled to assert a claim of an alleged breach thereof against the defendant in federal court. This argument incorrectly assumes that by attrition the waiver of sovereign immunity and Eleventh Amendment protections between the defendant and Otis impliedly flows to the plaintiff.

Under Mississippi law, the University of Mississippi is an arm of the State of Mississippi. *See* Miss.Code Ann. (1972) § 37–115–1 *et seq.*; *Jagnandan v. Mississippi State University*, 373 So.2d 252 (Miss.1979), *Coleman v. Whipple*, 191 Miss. 287, 2 So.2d 566 (1941).[1] Furthermore, it is clear that in the absence of consent, a suit in federal court in which a state or one of its agencies or departments is the defendant is judicially barred by the Eleventh Amendment. *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *B.H. Papasan v. United States of America, et al.*, 756 F.2d 1087 (5th Cir. 1985); *Chiz's Motel Restaurant, Inc. v. Mississippi State Tax Commission*, 750

F.2d 1305, 1307 (5th Cir.1985). A state may, however, waive its privilege of immunity from suit and permit itself to be made a defendant in a suit by a private person or by another party. *Parden v. Terminal R. of Alabama State Docks Dept.*, 377 U.S. 184, 84 S.Ct. 1207, 12 L.Ed.2d 233 (1964), *reh den.* 377 U.S. 1010, 84 S.Ct. 1903, 12 L.Ed.2d 1057 (1964); *Hans v. Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890). One such way in which the state has been held to consent to suit is where the legislature has by statute authorized the state to enter into certain contracts. In Mississippi, the case of *Cig Contractors v. Mississippi State Building Commission*, 399 So.2d 1352 (Miss.1981), recognizes the theory that the state waives its immunity from suit for a breach of contract when it enters into a contract. The *Cig Contractors* case involved a contract for the construction of a portion of the chemistry building at the University of Mississippi. The court, in holding that the defense of sovereign immunity was not available to the Commission when sued by the contractor for breach of the contract, stated:

> [T]his writer doubts seriously that this court would uphold a claim of sovereign immunity in contractual matters between a subdivision of the state and individuals doing business with it. The general rule is that when the legislature authorizes the state's entry into a contract, the state necessarily waives its immunity from suit for a breach of such contract. 81A C.J.S. States § 172 (1977). Where the state has lawfully entered into a business contract with an individual, the obligations and duties of the contract should be mutually binding and reciprocal. There is no mutually or fairness where a state or county can enter into an advantageous contract and accept its benefits but refuse to perform its obligations.

*Id.* at 1355.

Cases which arise from the breach of a contract to which the state is a party are to be distinguished from cases which arise in tort for purposes of the Eleventh Amend-

---

1. The Eleventh Amendment to the Constitution of the United States reads as follows:

    The judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against one of the United States by citizens of another state or by citizens or subjects of any foreign state.

ment. Cases which arise contractually have an element of consent which is not present in tort cases.

The case of *Mississippi State Department of Public Welfare v. Howie,* 449 So. 2d 772 (Miss.1984) also addresses the issue of contractual waiver of the doctrine of sovereign immunity. In *Howie,* the Mississippi Supreme Court held that the doctrine of sovereign immunity did not protect the State Department of Public Welfare from being held liable on a lease which it had executed as a tenant. The court went on to state:

> Based on the authority of *Cig,* the general law of contracts and common sense, we now hold that when the legislature authorizes the state's entry into a contract, the state necessarily waives its immunity from suit for breach of that contract. Therefore, the doctrine of sovereign immunity does not protect the State Department of Public Welfare from being held liable on its contract and the chancellor's opinion in this regard was correct.

*Id.* at 777. Also see *Mississippi State Building Commission v. S & S Moving, Inc.,* 475 So.2d 159 (Miss.1985); *Grenada Municipal Separate School District v. Jesco,* 449 So.2d 226 (Miss.1984). In *Everhart v. Otis Elevator Co.,* No. S85–0011(NG), (S.D.Miss. Feb. 10, 1986), United States Magistrate Britt Singletary denied a motion of the University to dismiss the third-party complaint filed against it by Otis stating that "the University, by entering into a contract with Otis, waived any immunity to which the University may have been entitled for any alleged breach of contract." *Id.* slip op. at 6. Magistrate Singletary went on to conclude that:

> In so stating the court does not presume to intimate or suggest a finding of liability among the respective parties to this action. It does, however, note that a state cannot justifiably expect to reap the benefits of an advantageous contract and at the same time absolutely deny any liability which may arise under the contract. To construe the Eleventh Amendment immunity in any other fashion would, potentially, allow a state to enter into a contract that is unenforceable, and such cannot be the intent of the Eleventh Amendment. In rendering its decision, the court is fully cognizant of the recent case of *Green v. Mansour* [474 U.S. 64], 88 L.Ed.2d 371, 106 S.Ct. 423 (1985). In *Green,* recipients of benefits under the Federal Aid to Families with Dependent Children (AFDC) Program brought class actions in the United States District Court for the Eastern District of Michigan against the director of the Michigan Department of Social Services, claiming that the defendant's calculations of benefits under the AFDC Program violated certain provisions of the federal law. The Supreme Court held that the Eleventh Amendment to the United States Constitution barred both 'notice relief' and declaratory judgment to which the plaintiffs claimed they were entitled. *Id.* [474 U.S. at 74, 106 S.Ct. at 429, 88 L.Ed.2d] at 381. However, *Green* can be distinguished from the present case in in that the state did not expressly enter into a contract with the plaintiffs which forms the basis of this suit. In *Green,* the plaintiffs are not seeking the type of relief which arises directly from a contract with the state.

*Id.* slip op. at 6–7.[2]

Magistrate Singletary's opinion did not directly address the question of waiver of immunity with respect to a third-party beneficiary. Yet, in distinguishing *Green* from *Cig Contractors,* this Court is of the opinion that, by implication, Magistrate Singletary correctly determined that with respect to the case *sub judice,* the defendant did not waive its immunity as to the plaintiff, an alleged third-party beneficiary, by

---

2. Prior to the trial of *Everhart v. Otis,* S85–0011(NG), Otis dismissed its third-party complaint against the University, and thereafter at trial, the jury returned a verdict in favor of Otis. In his Motion for a New Trial, filed on March 17, 1987, the plaintiff argued as a point of error that by suggesting that it was the only defendant, Otis misled the jury into thinking that the plaintiff could have but did not sue the University. The plaintiff went on to state that "[h]owever, counsel well *knew that the plaintiff could not sue the University because of sovereign immunity* and well knew that the plaintiff could make no comment in the face of this Court's in limine ruling." (emphasis added).

the execution of the contract with Otis. This is true because the plaintiff, one student among thousands at the University, is, if anything, nothing more than an incidental beneficiary and therefore any such waiver with respect to him would have to be specifically stated. A review of the contract between Otis and the defendant indicates that such was not the case.[3]

For the reasons more fully set forth herein, the defendant's Motion to Dismiss the Complaint of the plaintiff is well taken and should be granted.

THEREFORE, IT IS ORDERED AND ADJUDGED that the defendant's Motion to Dismiss is hereby GRANTED.

IT IS FURTHER ORDERED AND ADJUDGED that judgment shall be entered in accordance with the foregoing Memorandum Opinion and Order pursuant to Rule 58 of the Federal Rules of Civil Procedure and Rule 9 of the Uniform Local Rules of the United States District Court for the Southern District of Mississippi.

---

**3.** The plaintiff's third-party beneficiary claim is not substantiated by Mississippi case law. In *Burns v. Washington Savings*, 251 Miss. 789, 796, 171 So.2d 322, 324–25 (1965), the Mississippi Supreme Court determined that:

> [T]he principle that one not a party or privy to a contract but who is the beneficiary thereof is entitled to maintain an action for its breach is not so far extended as to give to a third person who is only indirectly and inci-

dentally benefited by the contract the right to sue upon it. A mere incidental, collateral or consequential benefit which may accrue to a third person by reason of the performance of the contract, or the mere fact that third person would be incidentally benefited does not give him a right to sue for its breach. 17 Am.Jur.2d Contracts § 307, at 732–33 (1964). Rest. of the Law Contracts § 133 (1932); Annot. 81 A.L.R. 1287 (1932).