# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2000-CA-00427-SCT

*HARRISON COUNTY DEVELOPMENT*
*COMMISSION*

*v.*

*DANIELS REAL ESTATE, INC. AND WJZD, INC.*

| | |
|---|---|
| DATE OF JUDGMENT: | 3/3/2000 |
| TRIAL JUDGE: | HON. JOHN H. WHITFIELD |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DAVID W. CRANE |
| ATTORNEY FOR APPELLEE: | FELICIA DUNN BURKES |
| NATURE OF THE CASE: | CIVIL - TORTS-OTHER THAN PERSONAL INJURY & PROPERTY DAMAGE |
| DISPOSITION: | REVERSED AND RENDERED - 6/10/2004 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**COBB, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     This appeal arises from a dispute over the purchase by Daniels Real Estate Inc. (Daniels) of a parcel of real property in the Bernard Bayou Industrial District, and originates from actions in both the Harrison County Chancery Court and Circuit Court. We conclude that the declaratory and injunctive action was never properly transferred from chancery court and is therefore still pending in that court and not properly before this Court. Furthermore, we conclude that the circuit court erred in assuming jurisdiction and awarding damages in favor of Daniels. Therefore, we reverse and render the judgment of the circuit court. The action pending in chancery court may proceed consistent with this opinion.

## FACTS

¶2.     Daniels Real Estate, Inc., purchased a tract of land in the Bernard Bayou Industrial District, which is one of the industrial parks created and maintained by the Harrison County Development Commission (the Commission).   A special warranty deed to Daniels, which contained a buy-back option or reverter clause,[1] was signed by the Commission on September 27, 1995, and approved by the Harrison County Board of Supervisors on October 2, 1995, but the property transaction was not completed until April 24, 1996.  The  buy-back option provided that the Commission could buy back the parcel for $58,500 if construction was not commenced for the purposes specified in the deed within one year after the sale of the property.  Shortly after the property purchase was complete, Daniels conveyed the property to WJZD, Inc., an entity for which Stanley J. Daniels was the CEO.

¶3.     On December 20, 1996, the Commission notified Daniels that it was in breach of the deed's construction obligation.  In April of 1997, the Commission sought to amend the deed by modifying the covenants to give Daniels additional time in which to comply with the construction requirements.  Because Daniels believed that it was in compliance with the construction requirements of the deed and did not want the Commission to amend the deed, it filed an action in the Harrison County Chancery Court on June 3, 1997, seeking declaratory and injunctive relief, and  asking  the chancery court to resolve the disagreement over interpretation of the deed and to enjoin the Commission from recording an amendment to the deed. The Commission filed a motion for summary judgment which the chancery court denied.

¶4.     Subsequently, Daniels filed a motion to transfer the action to the Harrison County Circuit Court; however, the chancery court never ruled on that motion.  Then on March 2, 1998, without pursuing its

---

[1]The provision in the deed which is at issue in this appeal is referred to by Daniels as a restrictive covenant, by the Commission as a buy-back option, and by the circuit court as a reverter clause.  We leave it to the chancery court to determine, if necessary, the true nature of the provision.  For purposes of this opinion we will refer to it as a buy-back option.

motion in chancery court, or dismissing its chancery court action, Daniels filed a complaint against the Commission in the Harrison County Circuit Court alleging that the special warranty deed was negligently drafted and asking for monetary damages. In August of 1998, a bench trial commenced in the circuit court. The Commission moved ore tenus to dismiss the suit for lack of standing because Daniels had conveyed the property to WJZD, Inc., but had not included WJZD as a plaintiff in the action. The circuit court dismissed the action without prejudice on the basis that WJZD did not adhere to the Mississippi Tort Claims Act. Following this dismissal of the first circuit court complaint, Daniels served notice of the complaint on the Commission, and the trial court granted Daniels's motion to re-open the case and resume testimony.

¶5.     On November 24, 1998, Daniels filed a second action in the Harrison County Circuit Court, this time naming both Daniels Real Estate and WJZD as plaintiffs and naming the Harrison County Development Commission and the Harrison County Board of Supervisors as defendants. This complaint again alleged that the warranty deed was negligently drafted, and added claims that the Commission was negligent in unilaterally modifying the special warranty deed and in attempting to continue enforcement of the buy-back option. This complaint also sought monetary damages.

¶6.     Next, the Commission filed a motion to dismiss or, in the alternative, to consolidate and continue the actions, and on May 5, 1999, the circuit court held a hearing on the motion and consolidated the three suits into one cause and set a trial date. However, the circuit court never conducted a trial on the merits, but rather entered a judgment finding the Commission negligent and, following a bench trial on damages only, awarded Daniels Real Estate and WJZD $647,260 in damages. Included among the circuit court's specific findings of fact was "that the Commission wilfully and contemptuously interfered with this [Circuit]

Court's **exclusive** jurisdiction by refusing to and constantly objecting to the transfer of the Chancery Court action to Circuit Court." (emphasis added).

¶7.     The Commission appealed asserting numerous trial court errors, arguing: (1) that the first circuit court action should have been dismissed for failure to comply with the Mississippi Tort Claims Act (MTCA); (2) that the second circuit court action should have been dismissed because it was filed beyond the one-year statute of limitations imposed by the MTCA; (3) that it was denied due process because the trial judge found liability without holding a full hearing on the merits; (4) that it was error for the trial court to award damages for racial discrimination under 42 U.S.C. § 1982; and (5) that it was error for the circuit court to rule on the chancery court action.  Because we conclude that it was error for the circuit court to assume jurisdiction when there was still pending an earlier chancery court complaint for declaratory and injunctive relief, involving the same parties, and the same or substantially same controversy, we reverse and render the judgment of the circuit court, and allow the chancery court action to proceed.

## ANALYSIS

¶8.     **The Chancery Court Action:**  There is no dispute that the first suit was filed in the Harrison County Chancery Court.  Although the circuit court's consolidation order purports to consolidate the chancery court declaratory action with the two circuit court actions, there was no order in the record transferring the declaratory judgment action to the circuit court, or dismissing it. Therefore, the declaratory judgment action is still pending in the chancery court, the court of priority jurisdiction.

¶9.     In both the chancery suit and the first circuit court suit Daniels sued the Commission.  The fact that Daniels subsequently added WJZD, Inc. and the Harrison County Board of Supervisors in the second circuit court suit does not defeat the chancery court's priority jurisdiction.  This Court has established the general rule of priority jurisdiction, as follows:

4

It is fundamental that a plaintiff is not authorized simply to ignore a prior action and bring a second, independent action on the same state of facts while the original action is pending. Hence a second action based on the same cause will generally be abated where there is a prior action pending in a court of **competent** jurisdiction within the same state or jurisdictional territory, between the same parties, involving the same or substantially the same subject matter and cause of action, and in which prior action the rights of the parties may be determined and adjudged.

*Lee v. Lee*, 232 So. 2d 370, 373 (Miss. 1970) (emphasis added).

¶10.    In *Huffman v. Griffin*, 337 So. 715, 719 (Miss. 1976), which addressed the issue of priority jurisdiction between courts of concurrent jurisdiction, this Court held that "[t]he principle of priority jurisdiction is that where two suits between the same parties over the same controversy are brought in courts of concurrent jurisdiction, the court which first acquires jurisdiction retains jurisdiction over the whole controversy to the exclusion or abatement of the second suit . . . . In this state priority of jurisdiction between courts of concurrent jurisdiction is determined by the date the initial pleading is filed." (internal citations omitted.)  *See also* ***Scruggs, Millette, Bozeman & Dent, P.A. v. Merkel & Cocke, P. A.,*** 804 So. 2d 1000, 1006 (Miss. 2001).  The principle of priority jurisdiction presupposes that the first court in which suit is filed is a court of competent jurisdiction.

¶11.    **The Circuit Court Actions:**  Daniels and WJZD claim that the Commission negligently drafted the deed in question.[2]  The mere recitation of such words as "negligent" and "reckless disregard" in stating the cause of action does not automatically convert a breach of contract cause of action which arose from the sale and conveyance of real property, into a tort cause of action which is worthy of $500,000 in compensatory damages.

---

[2]The allegation in the first circuit court complaint stated that "[d]efendant Harrison County Development Commission was negligent and acted with reckless disregard for the Plaintiff's rights in drafting of said deed."

¶12.    The provisions of the MTCA have "no application to a pure breach of contract action," and the Legislature's clear intent in enacting the MTCA was to immunize the state and its political subdivisions from any tortious conduct, including tortious breach of implied term or condition of any warranty or contract. *City of Grenada v. Whitten Aviation, Inc.*, 755 So. 2d 1208, 1212-13 (Miss. Ct. App. 1999); *see* Miss. Code Ann. § 11-46-3 (Rev. 2002). "Sovereign immunity does not bar actions against the state or its political subdivisions brought on a breach of contract theory." *Churchill v. Pearl River Basin Dev. Dist.*, 619 So. 2d 900, 903 (Miss. 1993); *Miss. State Dep't of Publ. Welfare v. Howie*, 449 So. 2d 772, 777 (Miss. 1984); *Cig Contractors, Inc. v. Miss. State Bldg. Comm'n*, 399 So. 2d 1352 (Miss. 1981). The general rule is that:

> [W]hen the legislature authorizes the State's entry into a contract, the State necessarily waives its immunity from suit for a breach of such contract. Where the state has lawfully entered into a business contract with an individual, the obligations and duties of the contract should be mutually binding and reciprocal. There is no mutuality or fairness where a state or county can enter into an advantageous contract and accept its benefits but refuse to perform its obligations.

*Id.* at 1355 (citation omitted).

¶13.    In *Whitten Aviation,* the Court of Appeals correctly concluded:

> Even though Whitten plead numerous theories of recovery in its complaint, including tortious breach of contract and breach of contract, the only theory proceeded on at trial was breach of contract. The lower court dismissed all defendants related to any tortious conduct, limited all evidence to that dealing solely with breach of contract and prohibited the introduction of any evidence dealing with any tortious conduct.
>
> Since breach of contract claims are clearly unaffected by the provisions of MTCA, the notice required under § 11-46-11 was not applicable.

*Whitten Aviation,* 755 So. 2d at 1214. Under this case and statutory law, it is evident that the MTCA does not apply to breach of contract claims.

¶14.	Even if we determined that the Daniels Real Estate's claims were covered by the MTCA, the claim of "wrongful creation of a cloud on the title" failed to state a cause of action. In its brief, Daniels argues that liability was properly imposed on the Harrison County Development Commission for its misfeasance in failing to use ordinary care in the exercise of its discretionary act of drafting the deed because a government agency has a positive duty to use ordinary care in the exercise of its discretionary acts. Daniels claims that as drafters of the Special Warranty Deed, the Commission did not exercise that degree of ordinary care necessary to alert the plaintiffs that construction of the radio tower would not, in the Commission's view, constitute commencement of construction.

¶15.	To recover in a negligence action, a plaintiff has the burden of proof to show from a preponderance of the evidence that the defendant had a legal duty, that the legal duty was breached by the defendant's failure to conform to the required standard of care, that the defendant's breach proximately caused an injury to the plaintiff and that damage to the plaintiff resulted. *Phillips ex rel. Phillips v. Hull*, 516 So. 2d 488, 491 (Miss. 1987). To establish a prima facie case of negligence, the plaintiff must produce credible evidence that the defendant failed to conform to the standard of care.

¶16.	As indicated by the contract for purchase and sale, Daniels agreed to the provisions contained in the deed. Daniels was represented by counsel in the negotiations with the Commission. It had the opportunity to review the deed, and to request revisions, before closing the deal. It has made no claim that it was coerced or fraudulently induced into accepting a deed which contained provisions with which it did not agree. The record contains no evidence of inequitable conduct by the Commission. Daniels cannot excuse its own conduct by pointing its finger at the Commission and claiming that the Commission's purported negligence caused it to sustain damages.

¶17.    If the deed did not reflect the parties' intentions, Daniels could have filed a suit to remove cloud on the title (instead of a suit for "wrongful creation of a cloud on the title") or a suit for reformation of the deed. The Commission has not committed a "wrongful" act just because Daniels failed to discern, at the time the deal was made, what the consequences of the buy-back option provision might be.

¶18.    Neither does Daniels' tortious interference with contract claim state a cause of action. The defendant to a tortious interference with contract claim must be a *third party* to the contract, not a principal to the contract such as the Commission:

> One who intentionally and improperly interferes with the performance of a contract between another and a third person by inducing or otherwise causing the third person not to perform the contract, is subject to liability to the other for pecuniary loss resulting to the other from the failure of the third person to perform the contract.

Restatement (Second) of Torts § 766 (1979); *see Shaw v. Burchfield*, 481 So. 2d 247, 254-55 (Miss. 1985); *Cranford v. Shelton*, 378 So. 2d 652, 655 (Miss. 1980); *Southwest Drug Co. v. Howard Bros. Pharmacy of Jackson, Inc.*, 320 So. 2d 776, 778 (Miss. 1975); *Irby v. Citizens Nat'l Bank of Meridian*, 239 Miss. 64, 67, 121 So. 2d 118, 119 (1960); *Bailey v. Richards*, 236 Miss. 523, 536-37, 111 So. 2d 402, 407 (1959).

¶19.    Daniels also complains that the "Amendment and Extension of Deed Covenants and Restrictions" was "unilaterally" adopted by the Commission and constituted "wrongful and unlawful interference with Plaintiffs' right, title and interest in the subject property . . . ." However, the deed, which is dated October 2, 1995, contains the following provision:

> In the event construction is not commenced on the property herein conveyed within one (1) year from the date of this conveyance [October 2, 1996] for the purpose enumerated in Section B above, ["constructing corporate offices for real estate, radio and construction companies for Daniels Real Estate, Inc."] then the Grantors herein shall have the right, but not the obligation, to purchase the property herein described for the sum of FIFTY-EIGHT THOUSAND FIVE HUNDRED AND NO/100 ($58,500.00). This covenant

shall be deemed to be cancelled and terminated at the time that construction is commenced on the subject property.

The Amendment, which is dated May 5, 1997, seven months after the expiration of the above provision, states:

> In the event that the grantee has not received all necessary permits from the City of Gulfport for the construction contemplated herein and has not obtained approval of the complete construction plans and specifications from the Engineering and Maintenance Committee of the of the Harrison County Development Commission on or before July 31, 1997, then the grantors herein shall have the right, but not the obligation to purchase the property herein described for the sum of Fifty-Eight Thousand Five Hundred and 00/100 Dollars ($58,500.00).

¶20.    The Amendment was not adopted until well past the one year limit imposed by the deed. All the Amendment did was extend the time for Daniels to come into compliance with the provisions of the deed. We cannot see how, after Daniels had already failed to comply with the provisions of the deed, an extension of time given to Daniels to come into compliance with the provisions of the deed, could possibly damage Daniels in any way. Therefore, we reverse the circuit court's judgment and render judgment here, dismissing with prejudice the two circuit court actions.

¶21.    **The 42 U.S.C. § 1982 decision:**    In  addition  to entering judgment on its findings of negligence, the circuit court also sua sponte found the Commission to be in violation of 42 U.S.C. § 1982. However, nowhere in any of the three complaints submitted by Daniels Real Estate or WJZD was such a claim raised. This Court does not find in the record before it any indication of an amendment to the pleadings that includes this claim, or of any indication that the Commission was on notice of such a claim. We have nothing before us to show that the Commission ever had the opportunity to offer evidence on its behalf.

¶22.    The trial court committed reversible error in finding that the evidence supported a judgment that the Commission violated § 1982. That section states: "All citizens of the United States shall have the same

9

right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." A careful review of the record reveals no evidence before the trial court from which it could conclude that the Commission's conduct was in any way motivated by an intent to racially discriminate against the plaintiffs. The mere facts of the racial composition of Daniels Real Estate or WJZD, and the Commission's determination that Daniels was in breach of the deed's construction obligations, simply are not sufficient proof of a § 1982 claim, and we reverse and render judgment in favor of the Commission on that issue.

## CONCLUSION

¶23.    We reverse the judgment of the Harrison County Circuit Court, First Judicial District and render judgment in favor of the Harrison County Development Commission on all issues including the circuit court's judgment that the Commission violated 42 U.S.C. § 1982.

¶ 24.    Because there is still pending in the Harrison County Chancery Court Daniels' complaint for declaratory and injunctive relief which asks that court to resolve not only the disagreement over the interpretation of the special warranty deed and its amendment but also other equitable relief, there is nothing within our decision today which would prevent Daniels Real Estate and WJZD, and any other properly named entities, from proceeding to that end.

¶25.    **REVERSED AND RENDERED.**

**SMITH, C.J., WALLER, P.J.,  CARLSON AND RANDOLPH, JJ., CONCUR. EASLEY AND GRAVES, JJ., DISSENT WITHOUT SEPARATE WRITTEN OPINION. DIAZ AND DICKINSON, JJ., NOT PARTICIPATING.**