# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2004-CA-01920-SCT

*DEMARCUS SMITH, A MINOR,
AND KIARA SMITH, A MINOR,
AND TEVON SMITH, A MINOR,
DECEASED AND/OR ESTATE OF
TEVON SMITH BY CARL SMITH,
PERSONAL REPRESENTATIVE,
NATURAL FATHER AND NEXT FRIEND,
ALL BY THEIR NATURAL FATHER AND
NEXT FRIEND, CARL SMITH, INDIVIDUALLY,
AND AS A WRONGFUL DEATH BENEFICIARY OF
TEVON SMITH, AND CARL SMITH ON BEHALF OF
ALL OF TEVON SMITH'S WRONGFUL DEATH
BENEFICIARIES*

*v.*

*CASSANDRA L. HOLMES, INDIVIDUALLY
AND AS NATURAL GUARDIAN AND NEXT
FRIEND OF DEMARCUS HOLMES AND
KIARA HOLMES, AND AS PERSONAL
REPRESENTATIVE OF THE ESTATE OF
TEVON HOLMES, DECEASED;
AND BOONE EXPRESS, INC.*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/28/2004 |
| TRIAL JUDGE: | HON. LARRY O. LEWIS |
| COURT FROM WHICH APPEALED: | TUNICA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | DANIEL A. SEWARD |
| ATTORNEYS FOR APPELLEES: | B. HUMPHREYS McGEE, III |
| | MICHAEL N. WATTS |
| | TODD B. MURRAH |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| DISPOSITION: | REVERSED AND REMANDED - 12/15/2005 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

*DEMARCUS SMITH, A MINOR,*
*AND KIARA SMITH, A MINOR,*
*AND TEVON SMITH, A MINOR,*
*DECEASED AND/OR ESTATE OF*
*TEVON SMITH BY CARL SMITH,*
*PERSONAL REPRESENTATIVE,*
*NATURAL FATHER AND NEXT FRIEND,*
*ALL BY THEIR NATURAL FATHER*
*AND NEXT FRIEND, CARL SMITH,*
*INDIVIDUALLY, AND AS A*
*WRONGFUL DEATH BENEFICIARY OF*
*TEVON SMITH, AND CARL SMITH*
*ON BEHALF OF ALL OF TEVON SMITH'S*
*WRONGFUL DEATH BENEFICIARIES*

*v.*

*BOONE EXPRESS, INC. AND MICHAEL DALE*

DATE OF JUDGMENT:          07/28/2004
TRIAL JUDGE:               LARRY O. LEWIS
COURT FROM WHICH APPEALED: TUNICA COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANTS:   DANIEL A. SEWARD
ATTORNEY FOR APPELLEES:    TODD B. MURRAH
NATURE OF THE CASE:        WRONGFUL DEATH
DISPOSITION:               AFFIRMED - 12/15/2005
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**WALLER, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     These consolidated appeals raise issues of parental immunity, priority jurisdiction, a fiduciary's conflict of interest, and joinder of wrongful death beneficiaries. We find that (1) *Glaskox ex rel. Denton v. Glaskox*, 614 So. 2d 906, 909 (Miss. 1992), abrogated the doctrine

of parental immunity for a parent who negligently causes injuries to his or her child in an automobile accident; (2) under *Long v. McKinney*, 897 So. 2d 160 (Miss. 2005), only one wrongful death complaint may be filed – the one that is first filed; (3) under *Long*, *all* wrongful death beneficiaries have a right to be joined in the wrongful death lawsuit; (4) under *Long,* the personal representative of an estate in a wrongful death suit has a fiduciary relationship to the wrongful death beneficiaries; and (5) a fiduciary should not have any conflicts of interest.

## FACTS

¶2.    An automobile accident occurred in Tunica County, Mississippi, between an automobile operated by Cassandra L. Holmes and an eighteen-wheeler truck owned by Boone Express, Inc., and operated by Michael Dale.  Witnesses to the accident aver that Cassandra turned left in front of oncoming traffic.  Cassandra's children, Demarcus Smith, Kiara Smith and Tevon Smith, were injured in the accident, and Tevon was killed.

¶3.    Cassandra filed a wrongful death and personal injury lawsuit against Boone Express and Dale on September 18, 2002.  On October 21, 2002 , Carl Smith, the natural father of all of the children, filed his own wrongful death lawsuit and a separate motion to intervene and/or join in Cassandra's lawsuit.  Finding that Carl was not a necessary party, the circuit court denied the motion to intervene and/or join. The circuit court dismissed Carl's wrongful death lawsuit on the basis that only one wrongful death action can be filed.  From these two orders, Carl appeals.[1]

---

[1]Case number 2004-CA-01920-SCT is the appeal from the denial of the motion to intervene and/or join.  Case number 2004-CA-02116-SCT is the appeal from the dismissal of Carl's wrongful death complaint.  These two appeals are consolidated.

3

## DISCUSSION

### I.     PARENTAL IMMUNITY.

¶4.     The circuit judge denied Carl's motion to intervene on the basis that Carl wished to raise negligence and wrongful death claims against Cassandra and that such claims would be barred due to parental immunity.  We find that the circuit judge erred.  The principle of parental immunity, which bars an unemancipated minor from suing his or her parent for injuries caused by the negligence of the parent, has been abrogated in this State, insofar as the negligent operation of motor vehicles is concerned.  *Glaskox ex rel. Denton v. Glaskox*, 614 So. 2d 906, 909 (Miss. 1992); *see also Ales v. Ales*, 650 So. 2d 482, 486 (Miss. 1995).  The *Glaskox* court held as follows: "We hold that the judicially created doctrine of parental immunity has outlived its purpose and adopt the majority view abrogating the principle as it applies to the negligent operation of a motor vehicle." *Glaskox*, 614 So. 2d at 912. Accordingly, we find that the circuit court erred in denying Carl's motion to intervene.

### II.     MOTION TO JOIN OR INTERVENE.

¶5.     The denial of a motion to intervene is an appealable final order.  *Cohen v. Cohen*, 748 So. 2d 91, 93 (Miss. 1999) (citing *Guar. Nat'l Ins. Co. v. Pittman*, 501 So. 2d 377, 380 (Miss. 1987)).  Rule 24(a)(2) of the Mississippi Rules of Civil Procedure provides that anyone who "is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest" may intervene by right "unless the applicant's interest is adequately represented by existing parties."

¶6.     The circuit court denied Carl's motion to join Cassandra's lawsuit because, as a wrongful death beneficiary, Carl's interests would be protected in Cassandra's lawsuit.  We

4

have recently held that, if a wrongful death beneficiary wishes to join a wrongful death lawsuit, his motion to join should be granted: "[I]n wrongful death litigation, all claims shall be joined in one suit." **Long v. McKinney**, 897 So. 2d 160, 174 (Miss. 2005). Therefore, under **Long**, Carl should have been joined as a party plaintiff because he is a wrongful death beneficiary. We note that the **Long** case was handed down after these appeals were filed, so the circuit court did not have the benefit of our holding when it denied the motion.

### III. RACE TO THE COURTHOUSE.

¶7. There is no question that Cassandra filed a wrongful death complaint before Carl filed his own complaint. Both are Tevon's natural parents and are therefore wrongful death beneficiaries who are entitled to bring a wrongful death lawsuit under Miss. Code Ann. § 11-7-13 (Rev. 2004).[2]

¶8. It is clear under our jurisprudence that only one of the wrongful death beneficiaries may bring a wrongful death lawsuit. **Long**, 897 So. 2d at 168. *See also* **Jones v. Steiner**, 481 F.2d 392 (5th Cir. 1973). Because only one wrongful death lawsuit may be filed, and two such lawsuits have been filed, the rule of prior jurisdiction comes into play:

> It is fundamental that a plaintiff is not authorized simply to ignore a prior action and bring a second, independent action on the same state of facts while the original action is pending. Hence a second action based on the same cause will generally be abated where there is a prior action pending in a court of competent jurisdiction within the same state or jurisdictional territory, between the same parties, involving the same or substantially the same subject matter and cause of action, and in which prior action the rights of the parties may be determined and adjudged.

---

[2]Although the current version of the wrongful death statute was not in effect at the time of the accident (January, 2002), the list of those persons who may sue thereunder has not changed since 2002, even though the most recent amendment thereto was enacted in 2004.

*Long*, 897 So. 2d at 172 (quoting *Lee v. Lee*, 232 So. 2d 370, 373 (Miss. 1970)); *accord Harrison County Dev. Comm'n v. Daniels Real Estate, Inc.*, 880 So. 2d 272, 276 (Miss. 2004), *overruled on other grounds*, *City of Jackson v. Estate of Stewart ex rel. Womack*, 908 So. 2d 703 (Miss. 2005). Here, the two complaints pertain to the same state of facts, subject matter and cause of action – the infant child's death. Cassandra's lawsuit was pending in a court of competent jurisdiction within the same state as Carl's, and the two complaints involved the same parties – all of Tevon's wrongful death beneficiaries and the alleged third-party tortfeasor. Because Carl's wrongful death complaint was filed after Cassandra's, we find that the circuit court's dismissal of Carl's complaint was eminently correct.

## IV.  PERSONAL REPRESENTATIVE AS FIDUCIARY.

¶9.    One of the issues raised by Carl is that Cassandra allegedly has a conflict of interest which bars her from serving as personal representative for the wrongful death beneficiaries. This issue -- that is, whether Cassandra's role as an alleged tortfeasor would prejudice in any way the other wrongful death beneficiaries' claims – was raised in Carl's motion to intervene which was denied by the circuit court. Since the best interests of the minor children are involved, the conflict of interest issue must be considered.

¶10.    One who brings a wrongful death suit as the personal representative acts in a fiduciary capacity:

> The [wrongful death statute] speaks in terms of a litigant bringing the suit "for the benefit of all persons entitled under law to recover . . ." and "for the benefit of all parties concerned . . . ." Thus, bringing suit in such a representative capacity renders the named plaintiff a fiduciary to all he or she proposes to represent, much the same as in litigation instituted by the executor or

6

> executrix of an estate. Those being represented must trust the named plaintiff to properly prosecute the litigation, enter into fair settlement negotiations, and handle all funds recovered as trust funds for the benefit of those entitled to them.

*Long,* 897 So. 2d at 169 (footnote omitted). If a trustee has a conflict of interest, "he has a duty to refuse the trust, resign, or remove the conflicting personal interest." *Estate of Bodman v. Bodman*, 674 So. 2d 1245, 1249 (Miss. 1996); *see also Jackson v. Jackson*, 732 So. 2d 916, 921 (Miss. 1999) (applying same duty to a conservator).

¶11. Because Cassandra is a fiduciary by way of her being the personal representative of the wrongful death beneficiaries, and Carl has raised a claim of conflict of interest, this issue must be considered by the circuit court. We therefore remand this issue to the circuit court for a determination of whether Cassandra should remain as personal representative and whether the children's interests would be best represented by a guardian ad litem or the appointment of another person as personal representative. The circuit court should consider the fact that cases with unnamed defendant tortfeasors are tried regularly and, seemingly, without jury confusion. *See, e.g., Classic Coach, Inc. v. Johnson*, 823 So. 2d 517 (Miss. 2002). Moreover, Miss. Code Ann. § 11-7-15 (Rev. 2004) provides that a person who "may have been guilty of contributory negligence" is not barred from recovery. This principle may be extrapolated so that a person who "may have been guilty of contributory negligence" is not barred from filing suit against other tortfeasors.

¶12. The circuit court should also consider any conflicts between Cassandra and Carl and whether Carl's interests would be prejudiced if Cassandra remains the personal representative.

7

## CONCLUSION

¶13.    We reverse the circuit court's denial of Carl Smith's motion to join, and we remand this case, No. 2004-CA-01920-SCT, to the circuit court for further proceedings consistent with this opinion.  We affirm the circuit court's dismissal of Carl Smith's complaint.

¶14.    **CASE NUMBER 2004-CA-01920-SCT: REVERSED AND REMANDED.**

¶15.    **CASE NUMBER 2004-CA-02116-SCT: AFFIRMED.**

**SMITH, C.J., COBB, P.J., CARLSON, DICKINSON AND RANDOLPH, JJ., CONCUR.  EASLEY, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION.  DIAZ AND GRAVES, JJ., NOT PARTICIPATING.**