# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2007-CA-02103-SCT

*MARY JOHNSTON BRIERE, INDIVIDUALLY AND ON BEHALF OF THE WRONGFUL DEATH BENEFICIARIES OF CLARICE J. HOLLINGSWORTH, DECEASED*

*v.*

*SOUTH CENTRAL REGIONAL MEDICAL CENTER*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/08/2007 |
| TRIAL JUDGE: | HON. BILLY JOE LANDRUM |
| COURT FROM WHICH APPEALED: | JONES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JAMES GARFUS THORNTON |
| ATTORNEYS FOR APPELLEE: | RICHARD O. BURSON |
| | PEELER GRAYSON LACEY |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| DISPOSITION: | ON DIRECT APPEAL: REVERSED AND REMANDED.  ON CROSS-APPEAL: AFFIRMED - 02/26/2009 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, C.J., DICKINSON AND KITCHENS, JJ.**

**DICKINSON, JUSTICE, FOR THE COURT:**

¶1.     In this wrongful-death case, we must determine whether a plaintiff may proceed with a second lawsuit after dismissing the initial lawsuit, and – under the facts of this case – whether newly-discovered evidence requires supplementation of the notice letter sent pursuant to the Mississippi Tort Claims Act (MCTA).[1]

---

[1]*See* Mississippi Tort Claims Act,  Miss. Code Ann. §§ 11-46-1 to 11-46-23 (Rev. 2002).

¶2.     Clarice J. Hollingsworth was admitted to Cottonwood Manor nursing home on June 4, 2005.  On June 10, 2005, she was taken to South Central Regional Medical Center's (SCRMC) emergency room.[2]  Although the record discloses few details, it indicates that at some point, Ms. Hollingsworth suffered a broken hip and ultimately died from that injury.

¶3.     Believing that the hip fracture occurred at Cottonwood Manor, Briere brought a wrongful-death action against Cottonwood on behalf of all wrongful-death beneficiaries. After Cottonwood failed to answer, Briere entered a default, but failed to have it confirmed.

¶4.     At some point while her suit against Cottonwood was still pending, Briere decided to file a second wrongful-death suit against SCRMC.  She sent a notice-of-claim letter as required by the MTCA,[3] stating that Ms. Hollingsworth had been neglected, abused, and ultimately died as a result of "multi-faceted failures in the care and treatment of her by [SCRMC]."  After SCRMC received the notice-of-claim letter on May 22, 2006, it investigated the claims and summarily denied them by letter dated June 12, 2006.

¶5.     After her expert opined that Ms. Hollingsworth's hip fracture may have occurred at SCRMC (rather than at Cottonwood as she had previously thought), Briere sent a second notice-of-claim letter to SCRMC for "clarification."  The second notice letter added the following language not present in the first:  "[W]e discovered that, based on her x-rays and other diagnostic findings, Ms. Hollingworth's significant comminuted fractures of the pubic

---

[2]The record does not reflect why Ms. Hollingsworth needed hospitalization.

[3]The parties agree that SCRMC meets the definition of "community hospital," and is therefore subject to the provisions of the MTCA.

2

rami occurred *while she was a patient at SCRMC*." SCRMC received Brier's second notice letter on July 10, 2006. Brier filed suit against SCRMC on August 23, 2006, alleging negligence, premises liability and medical malpractice.

¶6.     SCRMC filed a motion to dismiss, claiming that Briere's first notice letter was statutorily insufficient, as it did not adequately describe all of the claims ultimately raised in the complaint, and that the second notice letter was deficient because it was received only forty-four days prior to filing of the suit. The trial court verbally denied SCRMC's motion at the conclusion of a hearing held on January 16, 2007. On February 26, 2007, the trial court entered a written order denying SCRMC's motion to dismiss but granting its motion for permission to appeal the interlocutory order. This Court denied the petition for interlocutory appeal on April 5, 2007.

¶7.     After learning of Briere's pending suit against Cottonwood, SCRMC filed a second motion to dismiss on July 9, 2007, claiming that, because the Mississippi Wrongful-Death Statute allows only one suit for wrongful death, Briere's complaint failed to state a claim upon which relief could be granted. On July 30, 2007, the trial court held a hearing, during which counsel for Briere offered voluntarily to dismiss the first suit against Cottonwood, so that only one suit would be pending. The judge signed the order of dismissal.[4]

¶8.     Notwithstanding his dismissal of the first suit, the trial judge subsequently issued an order granting SCRMC's motion to dismiss, stating:

---

[4]The dismissal also set aside the clerk's entry of default against Cottonwood.

This Court holds that according to Miss. Code Ann. § 11-7-13 and the Supreme Court's decision in **Long**[5] and its progeny, there can only be one wrongful death action arising out of the death of Ms. Hollingsworth, the first one filed. Since Plaintiff's first-filed wrongful death action against the nursing home was still pending before this Court at the time of filing of the two later wrongful death actions[6] against [SCRMC], all of which arise out of the death of Ms. Hollingsworth, this Court holds that the two subsequently filed wrongful death actions against [SCRMC] are 'of no effect' and should be dismissed pursuant to Miss. Code Ann. § 11-7-13 and the Supreme Court's decisions in **Long** and its progeny."[7]

(Emphasis added). Briere filed a motion for reconsideration, which the trial court denied. She then filed her notice of appeal with this Court, and SCRMC filed its notice of cross-appeal, arguing the trial court erred when it denied its first motion to dismiss for improper notice under the MTCA.

¶9.     On appeal, Briere argues that the trial court erred when it dismissed her action against SCRMC, as the first suit against Cottonwood was either "null and void," or not "decided on the merits," thus not barring the second suit against SCRMC. Specifically, Briere states: "Once the first suit was dismissed, it was null and void. Thus, the second suit against [SCRMC] was the one and only suit for purposes of §11-7-13, and the trial court erred in dismissing it." SCRMC counters that the trial court was correct in its dismissal, as "the Court need only look at the status of the first-filed wrongful death action at the time that

---

[5]**Long v. McKinney**, 897 So. 2d 160 (Miss. 2004).

[6]Briere had filed a third suit against SCRMC that was identical to the second. That suit is not at issue on appeal.

[7]There may have been some confusion as to the status of Brier's first suit against Cottonwood (which already had been dismissed at that point), as the trial judge's order granting dismissal to SCRMC states: "Therefore, joinder of Plaintiff's wrongful death claims is clearly a question for another day in Plaintiff's first-filed wrongful death action against Ms. Hollingsworth's nursing home."

4

Plaintiff filed her Complaint in the instant action. If the first-filed wrongful death action was still pending on that date, which it was, then dismissal of the second wrongful-death action . . . is mandatory." SCRMC also appeals the trial court's denial of its first motion to dismiss.

## ANALYSIS

¶10. "This Court reviews de novo a trial court's grant or denial of a motion to dismiss." **Forest Hill Nursing Ctr. & Long Term Care Mgmt., LLC v. Brister**, 992 So. 2d 1179, 1187 (Miss. 2008) (citations omitted).

*Briere's Appeal*

¶11. The Mississippi Wrongful-Death Statute states, in pertinent part: "[A]nd there shall be but one (l) suit for the same death which shall ensue for the benefit of all parties concerned, but the determination of such suit shall not bar another action unless it be decided on its merits." Miss. Code Ann. § 11-7-13 (Rev. 2003). Briere claims that the trial court erred in dismissing her second suit against SCRMC, as the first suit against Cottonwood was voluntarily dismissed, and thus not "decided on its merits."

¶12. We agree with Briere's argument. Briere's counsel states the issue well in her brief:

> [T]he statute simply indicates that a dismissed wrongful death suit not decided on its merits does not bar *another* suit. The legislature's choice of the word *another*, as opposed to *subsequent*, is telling. Timing is irrelevant. If the first suit is dismissed without a decision on the merits . . . another action is not barred. The statute is totally silent as to the existence or timing of the "another suit."

We clarify **Long** and hold that the wrongful-death statute does not require that a second suit be dismissed solely because it was, at some point, pending at the same time as a previously-filed suit.

¶13.    SCRMC relies on the following language from **Long** to support its argument that the trial court's dismissal was proper:  "Where, as here, a second suit is filed, it is of no effect and should be dismissed, as discussed supra.  The rights of all claimants are preserved in the original suit and are fully addressed by joinder." **Long** at 174.  However, SCRMC's reliance on this language is misplaced.  It is clear the quoted language from **Long** applies only to situations where two wrongful-death cases are then *currently* pending.  The facts here are different.  When the trial court addressed SCRMC's motion to dismiss, Briere already had dismissed the previously-filed suit against Cottonwood.  Thus, the trial court erred when it dismissed Briere's second wrongful-death suit, as it was the only suit pending, and violated neither the wrongful-death statute, nor this Court's holding in **Long**.

*SCRMC's Cross-Appeal*

¶14.    SCRMC argues on cross-appeal that the trial court erred when it refused to grant its motion to dismiss for Briere's alleged failure to comply with the notice provisions of the MTCA.  Mississippi Code Section 11-46-11 states, in pertinent part:

> (1) [A]ny person having a claim for injury arising under the provisions of this chapter against a governmental entity or its employee shall proceed as he might in any action at law or in equity; provided, however, that ninety (90) days prior to maintaining an action thereon, such person shall file a notice of claim with the chief executive officer of the governmental entity.
> . . . .
>
> (2) Every notice of claim required by subsection (1) of this section shall be in writing, and shall be delivered in person or by registered or certified United States mail. Every notice of claim shall contain a short and plain statement of the facts upon which the claim is based, including the circumstances which brought about the injury, the extent of the injury, the time and place the injury occurred, the names of all persons known to be involved, the amount of money damages sought and the residence of the person making the claim at the time of the injury and at the time of filing the notice.

6

Miss. Code Ann. § 11-46-11 (Rev. 2003). SCRMC claims that Briere's first notice letter was statutorily insufficient, as it did not adequately describe all of the claims ultimately raised in the complaint. Thus, as the second notice was the only valid notice, Briere erred when she filed suit only forty-four days after the second notice letter.

¶15. We hold that Briere's first notice letter complied with the notice requirements of the MTCA. The broad[8] language in the first letter put SCRMC on notice of all of the claims of which Briere was aware at the time.[9] If suit already had been filed, Briere certainly would have been able to amend her complaint to include the new information, pursuant to Mississippi Rule of Civil Procedure 15. Thus, we hold that the first notice letter was not statutorily insufficient simply because it did not specifically mention all of the claims ultimately raised in the complaint.

¶16. Since Briere's first notice letter was statutorily sufficient, SCRMC's second assignment of error must fail as well. As the first notice letter was sufficient, the timing of the second letter is irrelevant. SCRMC received the first letter on May 22, 2006, and Briere did not file suit until August 23, 2006.[10] Thus, Briere complied with the ninety-day notice

---

[8]The first notice letter asserts, among other things: "The legal basis for and the type of loss sustained in this claim are generally the neglect, abuse and wrongful death of Clarice J. Hollingsworth as a result of multi-faceted failures in the care and treatment of her by [SCRMC], its officers, agents and employees who were not properly trained, qualified and supervised."

[9]SCRMC does not allege that Briere knew that the fracture took place there, instead of Cottonwood, when she sent the first notice letter.

[10]SCRMC also asserts that Briere's complaint is time-barred, as the "only notice letter that corresponded with the factual and legal accusations asserted" in the complaint was served more than one year after the alleged tortious conduct. Briere counters that this issue is procedurally barred, as it was not raised in the trial court. Any procedural bar aside, this issue is without merit, as the first notice letter was sufficient under the statute.

requirement of Section 11-46-11(1). Therefore, SCRMC's issues on cross-appeal are without merit, and the trial judge did not err in denying its motion to dismiss.

## CONCLUSION

¶17. For the reasons stated herein, we hold that the trial court erred when it dismissed Briere's suit against SCRMC, but the trial court did not err in holding that Briere provided proper notice to SCRMC under the MTCA. Accordingly, we reverse the trial court's dismissal of Briere's claims against SCRMC and affirm the trial court's denial of SCRMC's motion to dismiss, and we remand this matter for further disposition consistent with this opinion.

¶18. **ON DIRECT APPEAL: REVERSED AND REMANDED. ON CROSS-APPEAL: AFFIRMED.**

**WALLER, C.J., CARLSON AND GRAVES, P.JJ., RANDOLPH, LAMAR, KITCHENS, CHANDLER AND PIERCE, JJ., CONCUR.**