# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CA-01074-COA

**OAK CREEK INVESTMENTS, LLC**                    **APPELLANT**

**v.**

**ATLAS FRM LLC D/B/A ATLAS HOLDINGS,**          **APPELLEES**
**LLC, NEW WOOD RESOURCES, LLC,**
**WINSTON PLYWOOD AND VENEER, LLC,**
**WPV HOLDCO, LLC, ANDREW M. BURSKY**
**AND KURT LIEBICH**

| | |
|---|---|
| DATE OF JUDGMENT: | 02/22/2019 |
| TRIAL JUDGE: | HON. GEORGE M. MITCHELL JR. |
| COURT FROM WHICH APPEALED: | WINSTON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | MICHAEL N. WATTS |
| | JONATHAN S. MASTERS |
| | CHRIS L. GILBERT |
| ATTORNEYS FOR APPELLEES: | PHILLIP S. SYKES |
| | HALEY F. GREGORY |
| | BRIAN A. WHITE |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND REMANDED - 11/17/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**WILSON, P.J., FOR THE COURT:**

¶1.    The circuit court dismissed this case after considering the seven factors listed in our

forum non conveniens statute, Miss. Code Ann. § 11-11-3(4) (Rev. 2019), and finding that

the dispute would be more properly heard in Delaware, where a related action between the

same parties was already pending.  On appeal, the plaintiff, Oak Creek Investments LLC

("OCI"), does not challenge the circuit court's finding that the case should be dismissed and

heard in Delaware. Rather, OCI argues only that the circuit court erred by dismissing the case without requiring the defendants to file a written stipulation regarding the tolling of the statute of limitations, as required by our forum non conveniens statute, *id.* § 11-11-3(4)(b).

¶2.     We agree with OCI that the circuit court erred by dismissing the case without requiring such a stipulation. Therefore, we reverse and remand for the circuit court to enter a new judgment that includes or incorporates a stipulation tolling the statute of limitations beginning on the date that OCI filed its complaint in this case. Although the parties make additional arguments regarding whether the limitations period was tolled during a prior federal lawsuit, we conclude that those issues are unnecessary to our decision and beyond the scope of this appeal.

## FACTS AND PROCEDURAL HISTORY

¶3.     On February 9, 2018, OCI filed suit against six defendants—Winston Plywood and Veneer LLC, Atlas FRM LLC, New Wood Resources LLC, WPV Holdco LLC, Andrew M. Bursky, and Kurt Liebich (collectively, the "Winston parties")—in the United States District Court for the Northern District of Mississippi. OCI's complaint asserted claims for breach of contract, fraud, and breach of fiduciary duty. The claims arose out of the parties' efforts to reopen a shuttered plywood mill in Winston County, Mississippi. For purposes of this appeal, the details of the underlying dispute are not important. OCI alleged that the federal court had subject matter jurisdiction based on diversity of citizenship of the parties.

¶4.     On May 17, 2018, the Winston parties moved to dismiss the federal case for lack of subject matter jurisdiction, arguing that complete diversity did not exist. The same day, the

2

Winston parties also filed suit against OCI in the Delaware Court of Chancery. Their Delaware complaint asserted claims against OCI for breach of contract and breach of fiduciary duty and was based on the same nucleus of operative facts as OCI's federal complaint.

¶5. On May 25, 2018, OCI voluntarily dismissed its federal complaint. The same day, OCI filed a substantially similar complaint against the Winston parties in the Winston County Circuit Court.

¶6. The Winston parties moved to dismiss the circuit court case based on Mississippi's "first-filed rule" and the doctrine of forum non conveniens, as codified in Mississippi Code Annotated section 11-11-3(4). The circuit court granted the Winston parties' motion to dismiss in an order that discussed both issues.

¶7. OCI filed a motion for reconsideration, arguing that the circuit court erred by dismissing the case without requiring the Winston parties to file a written stipulation regarding tolling of the statute of limitations, as required by Mississippi Code Annotated section 11-11-3(4)(b). The circuit court denied OCI's motion, and OCI appealed.

**ANALYSIS**

¶8. We will not reverse a dismissal based on forum non conveniens unless "the trial court abused its discretion or applied an erroneous legal standard." *Metro. Life Ins. v. Aetna Cas. & Sur. Co.*, 728 So. 2d 573, 575 (¶7) (Miss. 1999). On appeal, OCI makes clear that it does not challenge the circuit court's order finding that this case would be more properly heard in Delaware. Rather, OCI argues only that the judgment should be amended to include or

incorporate a stipulation regarding tolling of the statute of limitations, as required by our forum non conveniens statute, Miss. Code Ann. § 11-11-3(4)(b).

### I. The circuit court erred by dismissing the case without requiring a stipulation pursuant to section 11-11-3(4)(b).

¶9. Mississippi Code Annotated section 11-11-3(4) codifies Mississippi's common law doctrine of forum non conveniens. *Alston v. Pope*, 112 So. 3d 422, 426 (¶15) (Miss. 2013). Subsection (4)(a) permits a trial court to dismiss an action "on written motion of a party" if the court "finds that in the interest of justice and for the convenience of the parties and witnesses . . . [the] action would be more properly heard in a forum outside this state or in a different county of proper venue within this state." Miss. Code Ann. § 11-11-3(4)(a). However, subsection (4)(b) provides that

> [a] court may not dismiss a claim under this subsection until the defendant files with the court or with the clerk of the court a written stipulation that, with respect to a new action on the claim commenced by the plaintiff, all the defendants waive the right to assert a statute of limitations defense in all other states of the United States in which the claim was not barred by limitations at the time the claim was filed in this state as necessary to effect a tolling of the limitations periods in those states beginning on the date the claim was filed in this state and ending on the date the claim is dismissed.

*Id.* § 11-11-3(4)(b).

¶10. OCI interprets the circuit court's dismissal order as based on forum non conveniens. Therefore, OCI argues that the circuit court erred by dismissing the action without first requiring that the Winston parties file the written stipulation required by section 11-11-3(4)(b). In response, the Winston parties argue that no stipulation was required because the circuit court dismissed the case based on Mississippi's "first-filed rule," also known as the

4

doctrine of "priority jurisdiction," not forum non conveniens.

¶11. We conclude that the dismissal was based on forum non conveniens for two reasons. First, the circuit court discussed and made findings as to each of the seven factors that the statute requires a court to consider before dismissing a case based on forum non conveniens. Miss. Code Ann. § 11-11-3(4)(a).[1] From a complete reading of the circuit court's order, it is apparent that the court found that the case should be dismissed based on those factors and because the case would be more properly heard in Delaware.

¶12. Second, as a matter of law, the circuit court could not have dismissed the case based on the first-filed rule. The first-filed rule holds that "a second action based on the same cause will generally be abated where there is a prior action pending in a court of competent jurisdiction *within the same state or jurisdictional territory*, between the same parties, involving the same or substantially the same subject matter and cause of action, and in which prior action the rights of the parties may be determined and adjudged." *Braswell v. Ergon Oil Purchasing Inc.*, 179 So. 3d 997, 1003 (¶19) (Miss. 2015) (emphasis added) (quoting *Long v. McKinney*, 897 So. 2d 160, 172 (¶49) (Miss. 2004)). Thus, the doctrine may require the dismissal of a second action when the first and second actions are pending in *Mississippi state courts*. *See id.* at 1002-03 (¶¶18-22). In contrast, "another action regarding the same subject matter pending in the courts of a sister state poses no jurisdictional obstacle to a court of this state of otherwise competent jurisdiction hearing and adjudging the matter in controversy." *Brown v. Brown*, 493 So. 2d 961, 963 (Miss. 1986). As our Supreme Court

---

[1] The statute codifies the factors identified in *Missouri Pacific Railroad Co. v. Tircuit*, 554 So. 2d 878, 882 (Miss. 1989).

has stated, "the general rule [is] that a previously-filed action in a sister state is no bar to an action in Mississippi." *Sauvage v. Meadowcrest Living Ctr. LLC*, 28 So. 3d 589, 595 n.3 (Miss. 2010).[2]

¶13.    Thus, in this case, the previously filed Delaware action was "no bar to an action in Mississippi." *Sauvage*, 28 So. 3d at 595 n.3. Therefore, the circuit court's order cannot be treated as a dismissal based on the first-filed rule. Rather, we interpret the order as a dismissal pursuant to section 11-11-3(4)—which is entirely consistent with the order as a whole. Therefore, we also agree with OCI that the circuit court erred by dismissing the case without first requiring the Winston parties to file a written stipulation regarding tolling pursuant to section 11-11-3(4)(b).

**II.    Whether the statute of limitations was tolled during OCI's prior federal lawsuit cannot be decided in this appeal.**

¶14.    The parties make additional arguments related to the statute of limitations. OCI argues that the statute of limitations has been tolled not only since it filed its complaint in the present case (on May 25, 2018) but also since it filed its complaint in the prior federal case (on February 9, 2018). OCI further argues that the Winston parties must stipulate that the statute of limitations has been tolled since the beginning of the prior federal lawsuit. In response, the Winston parties argue that OCI's federal complaint did not toll the statute of

_____

    [2] *See also Braswell*, 179 So. 3d at 1004 n.4 ("As a general rule, the principle of priority jurisdiction does not apply where like suits are pending in both state and federal courts. Because federal and state courts are separate jurisdictional sovereigns, the pendency of an action in a federal court is not ground for abatement of a like suit in a state court." (quoting *Crawford v. Morris Transp. Inc.*, 990 So. 2d 162, 169 (¶25) (Miss. 2008))).

6

limitations because OCI later voluntarily dismissed that complaint.[3]  Therefore, they argue

that section 11-11-3(4)(b) only requires a stipulation that the statute of limitations has been

tolled since OCI filed its complaint in the circuit court in this case.

¶15.    We conclude that it is unnecessary to address the issue of tolling during the prior

federal lawsuit.  The statute requires a defendant to stipulate that the statute of limitations

was tolled "beginning on the date the claim was filed in this state."  Miss. Code Ann. § 11-

11-3(4)(b).  The purpose of this requirement is to protect the plaintiff from any prejudice that

would result from the dismissal on forum non conveniens grounds.  That purpose is achieved

in full by a stipulation tolling the statute of limitations beginning on the date the complaint

was filed in the instant case.  Whether the statute of limitations was tolled during some prior

lawsuit—e.g., OCI's prior federal lawsuit—is a separate issue of law that is not controlled

by the forum non conveniens statute or the order of dismissal.  Moreover, it is a separate

issue of law that would arise regardless of whether the case was litigated in this State or in

another state.  It is not an issue that needs to be addressed in conjunction with a forum non

---

[3] The Winston parties point out that in general, "[t]he filing of a complaint does not toll the statute of limitations when the plaintiff voluntarily dismisses the suit." *Koestler v. Miss. Baptist Health Sys. Inc.*, 45 So. 3d 280, 283 (¶13) (Miss. 2010); *accord Taylor v. Bunge Corp.*, 775 F.2d 617, 619 (5th Cir. 1985).  However, OCI voluntarily dismissed its federal lawsuit in response to the Winston parties' motion to dismiss for lack of subject matter jurisdiction.  In some cases, a voluntary dismissal due to the court's lack of subject matter jurisdiction may be considered a dismissal for a "matter of form."  *See* Miss. Code Ann. § 15-1-69 (Rev. 2019); *Crawford*, 990 So. 2d at 170-74 (¶¶27-44); *Marshall v. Kansas City S. Rys. Co.*, 7 So. 3d 210, 213-16 (¶¶15-28) (Miss. 2009).  In such a case, if the plaintiff's original complaint was filed within the statute of limitations, the plaintiff may commence a new action within one year of the dismissal.  Miss. Code Ann. § 15-1-69.  For the reasons explained below, we need not address this issue in order to decide this appeal.

conveniens dismissal.  Therefore, the issue is beyond the scope of this appeal.[4]

**CONCLUSION**

¶16.     The circuit court erred by dismissing this case without requiring the Winston parties to file a written stipulation pursuant to section 11-11-3(4)(b).  Therefore, we reverse and remand for entry of a new judgment that includes or incorporates a stipulation that the statute of limitations was tolled beginning on the date the complaint was filed in this case.[5]  We do not address the question whether the statute of limitations was tolled during the prior federal lawsuit, as that issue is beyond the scope of this appeal.

¶17.     **REVERSED AND REMANDED.**

**BARNES, C.J., CARLTON, P.J., WESTBROOKS, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR.  GREENLEE, J., NOT PARTICIPATING.**

---

[4] We also note that it is not clear that this issue has any practical significance in this case.  OCI filed suit in federal court only 105 days before it filed suit in the circuit court. We do not know whether those 105 days are material under any applicable statute of limitations.  Indeed, the parties do not even identify the applicable statute(s) of limitations. We decline to issue an advisory opinion on the separate—and quite possibly immaterial—question of whether OCI's prior federal complaint tolled unspecified statutes of limitations.  *See Scoggins v. Baptist Mem'l Hosp.-Desoto*, 967 So. 2d 646, 649 n.1 (Miss. 2007) ("The purpose of our appellate review is not to settle questions in the abstract or to issue advisory opinions.").  The Delaware court can address that issue if necessary.  This is only appropriate since both sides now agree that the Delaware court should decide their dispute.

[5] The defendants can either file a written stipulation or prepare a proposed judgment that includes the stipulation.  *See Alston*, 112 So. 3d at 428 (¶24).

8