# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2005-IA-01494-SCT

*DOROTHY ROSE, ADMINISTRATRIX OF THE
ESTATE OF KIMBERLY ROSE, DECEASED*

*v.*

*DR. N. A. BOLOGNA AND DR. JOHN A.
MARASCALCO*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/14/2005 |
| TRIAL JUDGE: | HON. LARRY O. LEWIS |
| COURT FROM WHICH APPEALED: | BOLIVAR COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ELLIS TURNAGE |
| ATTORNEYS FOR APPELLEES: | DENISE WESLEY |
| | WHITMAN B. JOHNSON, III |
| | CLINTON M. GUENTHER |
| | TOMMIE G. WILLIAMS |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | REVERSED AND REMANDED - 10/12/2006 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**SMITH, CHIEF JUSTICE, FOR THE COURT:**

¶1.     In November of 2004, Dorothy Rose, administratrix of the estate of Kimberly Rose, filed suit in the Circuit Court of the Second Judicial District of Bolivar County alleging that the negligence of several healthcare providers, including Doctors N.A. Bologna and John A. Marascalco, resulted in Kimberly Rose's wrongful death.  Drs. Bologna and Marascalco filed separate motions to sever the claims and transfer venue to the respective counties where they allegedly provided negligent care in accordance with Miss. Code Ann. Section 11-11-3(3)

(Rev. 2004). The circuit court determined venue was not proper in Bolivar County as to Drs. Bologna and Marascalco. Therefore, the circuit court granted the motions to sever the claims and transfered the severed claims against Drs. Bologna and Marascalco to the counties of proper venues. Aggrieved by the circuit court's ruling, Rose then filed her petition for an interlocutory appeal, which this Court granted. See M.R.A.P. 5.

**FACTS**

¶2.     On March 14, 2002, Kimberly Rose arrived at the Total Health Care Clinic in Bolivar County with symptoms of illness including swelling of her hands and eyes, lower extremity edema, and white patches on her skin. In addition to two followup visits, Kimberly eventually returned to the clinic with complaints of headaches and diarrhea. In the meantime, Dr. Bologna treated Kimberly at his office in Washington County for her dermatological symptoms. Also, after a referral by the Total Health Care Clinic, Kimberly received treatment from Dr. Marascalco at his office in Grenada County.

¶3.     Kimberly was subsequently examined by a different doctor who eventually diagnosed her illness as scleroderma. Shortly thereafter Kimberly was admitted to the Northwest Rankin Regional Medical Center due to her illness. Tragically, three days after being admitted to the hospital Kimberly went into cardiac arrest and efforts to resuscitate her were unsuccessful. An autopsy was performed, and the cause of death was determined to be purulent pericarditis secondary to scleroderma with a contributory cause of bronchopneumonia.

¶4.     Dorothy Rose, administratrix of the estate of Kimberly Rose, then filed suit in Bolivar County alleging Total Health Care Clinic, the nurse who treated Kimberly at the Total Health Care Clinic, Dr. Bologna and Dr. Marascalco were negligent in failing to diagnose scleroderma

2

in a timely manner.[1] Pursuant to Miss. Code Ann. Section 11-11-3 (3), both Dr. Bologna and Dr. Marascalco filed separate motions to sever the claim and transfer venue to the county where the alleged negligent services were rendered.[2] The circuit court considered the motions and eventually granted both, thus severing the claim and transferring venue as to Drs. Marascalco and Bologna. Rose's petition for interlocutory appeal was granted and is now presently before this Court.

## ANALYSIS

¶5. In cases pertaining to a motion for a change of venue, this Court has repeatedly applied the abuse of discretion standard of review. *Austin v. Wells*, 919 So. 2d 961, 963-64 (Miss. 2006) (citing *Wayne Gen. Hosp. v. Hayes*, 868 So. 2d 997, 1002 (Miss. 2004); *see also Christian v. McDonald*, 907 So. 2d 286, 287-88 (Miss. 2005); *Stubbs v. Miss. Farm Bureau Cas. Ins. Co.*, 825 So. 2d 8, 12 (Miss. 2002); *McCain Bldrs., Inc. v. Rescue Rooter, LLC*, 797 So. 2d 952, 954 (Miss. 2001); *Donald v. Amoco Prod. Co.*, 735 So. 2d 161, 180 (Miss. 1999)). "A trial judge's ruling on such an application 'will not be disturbed on appeal unless it clearly appears that there has been an abuse of discretion or that the discretion has not has not been justly and properly exercised under the circumstances of the case.'" *Hayes*, 868 So. 2d at 1002 (quoting *Guice v. Miss. Life Ins. Co.*, 836 So. 2d 756, 758 (Miss. 2003)).

---

[1]Other parties named as defendants in the suit included Dr. William McArthur and John Does 1 through 5. However, these parties have no bearing on the Court's analysis in the case at bar. Therefore, this Court's mention of the presence of these parties is limited to this footnote.

[2]Dr. Bologna examined Kimberly at his office in Washington County, and Dr. Marascalco examined Kimberly at his office in Grenada County.

¶6.     Today, this Court is presented with a question of proper venue, where the alleged negligent care of multiple doctors, performed in different counties, combined to ultimately cause the death of Kimberly Rose.   The doctors allege that the issue of transfer of venue hinges on this Court's interpretation of the recently amended venue statute, Miss. Code Ann. Section 11-11-3(3) (Rev. 2004), which governs the appropriate venue of a medical malpractice action.   Section 11-11-3(3) provides in pertinent part:

> Notwithstanding subsection (1) of this section, any action against a licensed physician . . . . for malpractice, negligence, error, omission, mistake, breach of standard of care or the unauthorized rendering of professional services shall be brought only in the county in which the alleged act or omission occurred.

This Court has previously stated "[s]tatutory interpretation is a matter of law which this Court review de novo." *Wallace v. Town of Raleigh*, 815 So. 2d 1203, 1206 (Miss. 2002) (citing *Donald v. Amoco Prod. Co.*, 735 So. 2d 161, 165 (Miss. 1999)).

¶7.     Rose argues the circuit court erred in granting the doctors' motion to sever the case and transfer venue as to each doctor to separate counties.   Rose claims that M.R.C.P. 20(a) and 82 (c) are silent and/or conflict with Miss. Code Ann. Section 11-11-3. Therefore, the rules control as a matter of law.

¶8.     We conclude that both Rose and the doctors are incorrect.   The case at bar is clearly a wrongful death case as noted by Rose in her First Amended Complaint, filed November 22, 2004 wherein in paragraph 1 Rose states: "This civil action seeks monetary damages for defendants' negligence which caused the November 1, 2002, wrongful death of Kimberly Rose (*Rose*)." Thus, the arguments and cited statutes and rules upon which both Rose and the doctors rely do not address the dispositive question governing the case sub judice.   In our view the case

4

at bar is governed by this Court's decision in **Long v. McKinney**, 897 So. 2d 160 (Miss. 2004), where the Court noted that "Thus, all claims in wrongful death litigation must, by definition, arise out of a distinct, litigable event." *Id.* at 173. This is not a Rule 20 permissive joinder case nor a Rule 82(c) case, but instead is a Rule 19 compulsory joinder case and clearly governed by Mississippi Code Ann. Section 11-7-13, which states that "there shall be but one (1) suit for the same death which shall ensue for the benefit of all parties concerned." The comment to Rule 19 states: "Compulsory joinder is an exception to the general practice of giving the plaintiff the right to decide who shall be parties to a law suit; although a court must take cognizance of this traditional prerogative in exercising its discretion under Rule 19, plaintiff's choice will have to be compromised when significant countervailing considerations make the joinder of particular absentees desirable." Miss. R. Civ. P. 19 cmt. In **Long**, the Court concluded, "We can think of no lawsuit brought before our judiciary more qualified for compulsory joinder provided under Rule 19, than a suit for wrongful death. We therefore hold that, in wrongful death litigation, all claims shall be joined in one suit." *Id.* at 174. In the majority opinion written by Justice Dickinson, the Court in **Long** further held that "Consolidation of suits presupposes that there are two suits to consolidate. Because we hold that wrongful death claims must be brought in a single suit, there cannot be two suits to consolidate." *Id.*

¶9. Our wrongful death statute dates to 1857 and has historically resulted in issues among litigants and attorneys concerning control of the litigation, joinder, and consolidation. For a complete history of the statute see Appendix A to **Long.** *Id.* at 179. The confusion yet remains in the case at bar. This Court is ever mindful of our duty or authority not to legislate.

5

The Legislature clearly made major reforms in various statutes during recent sessions which included passing Mississippi Code Ann. Section 11-11-3(3). However, it is equally clear that the wrongful death statute , Section 11-7-13, was not considered concerning events and multiple defendant doctors such as what we have before us now, when these changes in various statutes where made. But for the fact that this is a wrongful death claim, the trial court might very well have been correct in transferring venue. Adhering to the precedent of *Long* and determining that Section 11-7-13 applies, we conclude that there cannot be three separate lawsuits for the wrongful death of Kimberly Rose proceeding to trial in Bolivar, Washington and Grenada counties. The case was filed in Bolivar County, and venue for a wrongful death claim is proper for Bolivar County. We thus find the trial court erred.

## CONCLUSION

¶10. For the reasons stated above, we find that the trial court erred in severing and transferring the doctors' cases to Washington and Grenada Counties. Therefore, we reverse the trial court's order severing the plaintiff's case against Drs. Bologna and Marascalco and transferring the venue as to those two claims, and we remand this case to the Bolivar County Circuit Court for further proceedings consistent with this opinion.

¶11. **REVERSED AND REMANDED.**

**WALLER AND COBB, P.JJ., DIAZ, EASLEY, CARLSON, DICKINSON AND RANDOLPH, JJ., CONCUR. GRAVES, J., CONCURS IN RESULT ONLY.**